## 24436. GEORGIA BOARD OF CHIROPRACTIC EXAMINERS v. BALL.

SUBMITTED JANUARY 8, 1968—DECIDED FEBRUARY 12, 1968.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Alexander Cocalis, Assistant Attorneys General,* for appellant. *Twitty & Twitty, Frank S. Twitty, Jr.,* for appellee.

ALMAND, Presiding Justice. This appeal seeks a review of a

judgment of Thomas Superior Court which set aside an order of the Georgia Board of Chiropractic Examiners, appellant here, revoking the license of William A. Ball, appellee here, to practice as a chiropractor in Georgia.

The appellant's authority to revoke the license of a chiropractor is found in the legislative Act creating the board (Ga. L. 1921, p. 166 et seq.; *Code Ch.* 84-5). *Code* § 84-512 provides: "The Board of Chiropractic Examiners may refuse to grant or may revoke a license to practice chiropractic or may cause a licentiate's name to be removed from the records in the office of the clerk of the superior court in any county, upon any of the following grounds, to wit: The employment of fraud or deception in applying for a license or in passing an examination provided for in this Chapter; habitual intemperance in the use of ardent spirits or narcotics; inability or manifest incompetency or flagrant immorality; conviction of a crime involving moral turpitude or of any violation of the Opium Act, or the Harrison Narcotic Law, or of performing or attempting to perform a criminal abortion; the obtaining of a fee on representation that a manifestly incurable disease can be permanently cured; causing the publication and circulation of an advertisement of any remedy or means whereby the monthly periods of women can be regulated, or the menses, if suppressed, can be reestablished; causing the publication and circulation of an advertisement relative to any disease of the sexual organs; or any other immoral or unprofessional conduct. Said Board may upon satisfactory proof that any licentiate or applicant for license has been guilty of any of the offenses above enumerated revoke the license of said licentiate, or refuse to grant a license to said applicant, upon a majority vote of said Board."

The appellant board in June of 1965 adopted "Rules to Effectuate the Administration of the Georgia Chiropractic Law." As to advertising by a chiropractor, Rule 100-15 (b) provides: "Newspaper: Permitted: Limit to twelve inches of column space. Subdued dignified wording; pictures not to exceed 1¾″ x 1½″, exclusive of office-opening announcements. This does not affect joint group public relations programs by majority of chiropractors in a city or district. Prohibited: Scarehead, flamboyant,

display type." Rule 100-15 (1) provides: "Fees: Permitted: Organized group participation, inspection or treatment clinics which are in the public interest and which are for the benefit of special groups such as pre-school examination programs, posture programs or programs related to the handicapped. Prohibited: Listing the amount of fees in any manner; special terms for the collection of fees; gift plans; free x-rays; free services of any kind or any other type advertising which would lead prospective patients to believe that they would benefit from the financial viewpoint from becoming a patient of any particular doctor or group of doctors." Rule 100-16 provides: "Violations: Any violations of any of the foregoing rules and regulation[s] will be considered unprofessional conduct by the Georgia Board of Chiropractic Examiners."

On September 9, 1966, the board issued a rule nisi requiring the appellee to show cause why his license should not be revoked because of his unprofessional conduct which violated Rules 100-15 (b) and 100-15 (1).

The appellee filed general demurrers attacking the validity of these two rules. One of the demurrers moved "to strike Rules 100-15 (b) and 100-15 (1) allegedly promulgated by the Georgia Board of Chiropractic Examiners upon the ground that to define advertising free x-rays as unprofessional conduct would be depriving your defendant [appellee] of his liberty and property without due process of law; further said rules bear no fair or reasonable relationship to the public health, safety, moral or general welfare; and further said rules are too indefinite and too ambiguous to be enforced; and upon the further ground that the legislature has specifically provided in Code § 84-512 what advertisement is prohibited and the advertising of free x-rays is not prohibited by the aforesaid Act of the General Assembly."

After a hearing the board on March 23, 1967, found the appellee guilty of unprofessional conduct by violating Rules 100-15 (b) and 100-15 (1) and revoked his license. The appellee thereupon filed his appeal to Thomas Superior Court, and in aid of his appeal he filed an equitable petition seeking an order staying the order of revocation and praying that the order of revocation be set aside.

On a hearing of the appeal from the order of the board, the court issued a decree (a) sustaining the general demurrers, (b) declaring Rules 100-15 (b) and 100-15 (l) null and void, (c) revoking the order of the board and (d) enjoining the board from taking any further action to prevent the appellee from practicing his profession by reason of the charges contained in the board's notice to appellee of September 9, 1966.

This appeal by the board enumerates error on this order.

■ The board's complaints were that the appellee had committed unprofessional acts (a) in violation of Rule 100-15 (b) by employing display type advertising and (b) in violation of Rule 100-15 (l) by advertising free x-rays.

The question for decision is: Did the board have the authority to declare these specific acts on the part of the appellee to constitute unprofessional conduct? In our opinion it did not.

"No other ground for revocation is invoked as frequently, perhaps, as 'unprofessional,' 'dishonorable,' or 'immoral' conduct in connection with the practice of medicine or the particular branch or system thereof in which the licensee in question is engaged. Such conduct is specified as grounds for revocation in many of the statutes, and, as appears above, the validity of such statutes has been sustained by the courts in almost every instance. The quoted words, and other similar ones which are sometimes used in the statutes, are words of general, rather than exact and definite significance. The courts are in substantial accord, however, that they are to be construed to mean that which, by common understanding and general opinion, is considered to be grossly immoral, dishonorable, or disreputable in connection with the practice of medicine. Thus, a statute authorizing revocation for 'immoral,' 'dishonorable' or 'unprofessional' acts or conduct contemplates conduct which either shows that the person guilty of it is intellectually or morally incompetent to practice the profession or has committed an act or acts of a nature likely to jeopardize the interest of the public; it does not authorize revocation for trivial reasons or for a mere breach of the generally accepted ethics of the profession." 41 AmJur 175-176, Physicians and Surgeons, § 49.

*Code* § 84-512 provides eight grounds upon which the board

may revoke a license to practice chiropractic. Seven of these grounds refer to specific acts such as fraud, immoral conduct or violation of criminal laws. The eighth provides "or any other immoral or unprofessional conduct." It is a well known rule that in construing a statute where certain acts are specified which are followed by a general expression referring to other acts, such other acts must be of like character with those named. "Ejusdem generis is a rule of construction to ascertain and give effect to legislative intent." *Jenkins v. Jones,* 209 Ga. 758, 761 (75 SE2d 815); *Gilmore v. Gilmore,* 201 Ga. 770, 777 (41 SE2d 229). For a revocation of a physician's license on facts similar to this case applying this rule see Forman v. State Board of Health, 157 Ky. 123 (162 SW 796).

The appellee's employing display type advertising to advertise free x-rays is not an act of like character to the seven specified grounds provided for the revocation of the appellee's license. Thus, it cannot be said that the appellee's acts constitute unprofessional conduct. So much of the board's Rules (100-15 (b) and 100-15 (l)) that declare acts of employing display type advertising to advertise free x-rays are void, and the trial court correctly declared them to be null and void.

■ The sole other enumeration of error is that the trial court erred in granting an injunction restraining the board from enforcing the rules against advertising free x-rays on the ground that appellee's petition for judicial review did not contain any allegations pertaining to or a prayer for injunctive relief.

The record discloses that after the appellee had filed his appeal in Thomas Superior Court seeking a review of the order revoking his license, he filed his petition in aid of his appeal wherein he prayed (a) for a supersedeas to be granted to the order of revocation (b) for an order revoking the order of revocation and (c) "For such other and further relief as to the court might seem just and proper." Construing the petition as being an equitable petition in aid of the appeal, under a general prayer the appellee was entitled to such relief as is consistent with and entirely within the scope of the pleadings. *Bowers v. Dolen,* 187 Ga. 653 (5) (1 SE2d 734); *Sanders v. Jones,* 166 Ga. 186 (4) (142 SE 680). The injunction is germane to the prayers for specific relief.

There being no error, the judgment of the trial court is

*Affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*