Argued March 22, reversed and remanded May 9, reconsideration denied
June 15, petition for review allowed September 27, 1977

REYNOLDS, *Petitioner,*

*v.*

CHILDREN'S SERVICES DIVISION et al,
*Respondent.*

(CA 7278)

563 P2d 767

Robert A. Stalker, Jr., Oregon Legal Services Corp., Hillsboro, argued the cause for petitioner. With him on the brief was Stanley Sitnick, Oregon Legal Services Corp., Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Glenda L. Green, Certified Law Student, Salem.

Before Schwab, Chief Judge, Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

Petitioner seeks review of a hearing officer's order sustaining revocation of her Day Care Certificate by the Children's Services Division of the Department of Human Resources (CSD).[1]

On September 28, 1975, CSD certified petitioner to operate a day care facility. Such certification is annual and renewable. ORS 418.830. Following some complaints and an investigation, CSD gave notice to petitioner by letter dated July 13, 1976, that her Day Care Certificate was revoked effective immediately. The notice gave as the sole reason for the immediate revocation that the "sanitary conditions in [petitioner's] home do not provide a healthy environment for children." It also stated that a hearing on the matter was available upon request. Petitioner made such a request and a hearing was held on September 21, 1976. Thereafter a final order was issued sustaining the revocation.

Three of petitioner's four assignments of error relate to the conduct of the post-revocation hearing. CSD concedes correctly that the hearing did not satisfy the requirements of the Oregon Administrative Procedures Act (APA). Accordingly, this case must be remanded for another hearing.

Petitioner also contends that she is entitled to operate her day care center prior to a hearing and order because the notice of July 13 did not satisfy the statutory prerequisites for immediate revocation prior to a hearing. We therefore consider the issue of sufficiency of the notice of prehearing revocation in light of the controlling statutes.

Responsibility for certification and supervision of day care facilities is conferred upon CSD by ORS 418.805 to 418.885. CSD's authority to revoke or

---

[1]This court's jurisdiction is conferred by ORS 418.845(2) and 183.482(1).

suspend an outstanding certificate is controlled by ORS 418.840 which, in pertinent part, provides:

"* * * [A] temporary or annual certificate of approval may be revoked or suspended if the Children's Services Division finds:

"(1) That the facility or its operation does not comply with ORS 418.805 to 418.885 or with applicable rules or with any term or condition imposed under the certificate of approval * * *."

■ ORS 418.845(1)[2] provides that prior to revocation, CSD must give such notice and opportunity for hearing as is provided by the APA. Generally under the APA, periodic licenses, such as child care certificates, may not be withdrawn without first providing the licensee with an opportunity for a hearing. ORS 183.430(1). However, where continuation of a license would create a serious danger to public health or safety, ORS 183.430(2)[3] authorizes immediate revocation, with a subsequent hearing provided upon request. In order to proceed under this section, the agency must find "a serious danger to the public health or safety" and it must "[set] forth specific reasons for such findings." ORS 183.430(2).

■■ Petitioner contends that the reason given in the notice is too general to comply with the "specific

---

[2] ORS 418.845(1) provides:

"Upon deciding to revoke, suspend or not to renew an annual certificate of approval, the Children's Services Division shall give notice and opportunity for hearing as provided in ORS 183.310 to 183.500."

[3] ORS 183.430(2) provides:

"In any case where the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings, the agency may suspend or refuse to renew a license without hearing, but if the licensee demands a hearing within 90 days after the date of notice to the licensee of such suspension or refusal to renew, then a hearing must be granted to the licensee as soon as practicable after such demand, and the agency shall issue an order pursuant to such hearing as required by ORS 183.310 to 183.500 confirming, altering or revoking its earlier order. Such a hearing need not be held where the order of suspension or refusal to renew is accompanied by or is pursuant to, a citation for violation which is subject to judicial determination in any court of this state, and the order by its terms will terminate in case of final judgment in favor of the licensee."

[ 384 ]

reasons" requirement of ORS 183.430(2). The reasons for prehearing revocation under ORS 183.430(2) must be at least as great as those which would justify a revocation under the general revocation statute, ORS 418.840. The general statute allows termination only for noncompliance with law, rule or condition of certification. Thus, at a minimum, the "specific reasons" stated in the notice must be sufficient to indicate such noncompliance. Furthermore, to justify prehearing action, the reasons must be such as by their nature constitute a "serious danger to the public health or safety."

■ Here, the language of the notice is sufficiently specific to show noncompliance with ORS 418.815(4) requiring petitioner to "demonstrate to the satisfaction of" CSD that:

> "The facility and its operation are adequate to protect the health * * * and the physical * * * well-being of the children to be cared for in the facility, including but not limited to:
>
> "* * * * *
>
> "(b) Adequate physical facilities for the care of children, such as * * * sanitation * * *."

Furthermore, this noncompliance is of a nature which would be a serious danger to the public health. Therefore we hold that the notice in this case was sufficiently specific to comply with ORS 183.430(2).

■■ If an order is contested, then ORS 183.415 provides for a more explicit notice.[4] The APA does not require

---

[4]ORS 183.415 provides in pertinent part:

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.

"(2) The notice shall include:

"(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;

"(b) A statement of the authority and jurisdiction under which the hearing is to be held;

the same degree of detail in a situation requiring quick action for the protection of the public health and safety as it does for the notice of hearing which may be composed in less pressing circumstances and with greater deliberation.[5] It is for insufficiency of the later notice of hearing, among other reasons, that this case is being remanded.

■ Petitioner does not directly challenge the constitutionality of ORS 183.430(2), but she argues that she was entitled to a prerevocation hearing as a matter of due process. Although post-termination hearings do not generally satisfy due process, *cf. Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976), procedures such as those outlined in ORS 183.430(2) have been held valid in situations involving threats to public health and safety. *See* 1 Davis, Administrative Law Treatise § 7.08 at p 438 (1958); Davis, Administrative Law of the Seventies § 7.00-8 at p 264 (1976). Since ORS 183.430(2) only applies when such a threat is clearly articulated, it is not invalid on its face.

Reversed and remanded.

---

"(c) A reference to the particular sections of the statutes and rules involved; and

"(d) A short and plain statement of the matters asserted or charged.

"* * * * *"

[5] Assuming that the alleged violation threatens public health or safety, notice which is sufficient to satisfy ORS 183.415 would also satisfy the specific reasons requirement of ORS 183.430(2). Although it is desirable that notice under the latter statute satisfy the requirements of the former, the APA does not necessarily require such compliance. The notice requirements of ORS 183.415 could be satisfied by a second notice sent after prehearing revocation and prior to the hearing.