## REYNOLDS, *Petitioner,*
### *v.*
## CHILDREN'S SERVICES DIVISION, *Respondent.*
### (CA 7278, SC 25465)
571 P2d 505

Robert A. Stalker, Jr., Oregon Legal Services Corp., Hillsboro Regional Office, argued the cause for petitioner. With him on the brief was Stanley Sitnick, Oregon Legal Services Corp., Central Office, Portland.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Glenda L. Green, Certified Law Student.

LINDE, J.

## LINDE, J.

Petitioner held a certificate of approval to operate a day care center from the Children's Services Division (CSD) of the state's Department of Human Resources. A certificate is renewable at one-year intervals, ORS 418.830, but it may be denied, suspended, or revoked if CSD finds that "the facility or its operation does not comply with ORS 418.805 to 418.855 or with applicable rules or with any term or condition imposed under the certificate of approval." ORS 418.840(1). Such an action adverse to the certificate holder requires notice and opportunity for a hearing under the agency's statute, ORS 418.845 and the administrative procedure act, ORS 183.310(2)(c) and (3), ORS 183.430(1).

On July 13, 1976, CSD notified petitioner by letter that her certificate was revoked, effective immediately, for the stated reason that the "sanitary conditions in [petitioner's] home do not provide a healthy environment for children." The letter also informed petitioner that she could request a hearing on the revocation, which she did. She first received an informal hearing before a CSD branch supervisor. Subsequently, a formal hearing was held before a hearing officer. CSD did not give any further written notice, treating the letter quoted above as the notice for purposes of the hearing. The proceeding resulted in a final order revoking petitioner's certificate.[1] On appeal, the Court of Appeals found that the hearing did

---

[1] It is not entirely clear from the record who exercised the authority of the agency in making this order. *See* ORS 183.310(1). The statute delegates authority over certificates to the division as an entity. ORS 418.810 - 418.885. The division is headed by an administrator appointed by the director of the Department of Human Resources. ORS 184.760(2). CSD rules define "Division" to mean "Children's Services Division, the Administrator thereof, or the Administrator's designee." OAR 412-10-000. The order in this case was signed by the hearings officer and the "Manager, Management Systems Unit." The record does not show whether authority to make a final order was delegated either to the hearings officer or to the manager, and if to the latter, whether he complied with ORS 183.460, matters which may well be decisive to the validity of an order.

[ 433 ]

not comply with the administrative procedure act and remanded the decision to CSD for another hearing. 29 Or App 381, 563 P2d 767 (1977). However, the court sustained the prehearing revocation of the certificate as permissible under ORS 183.430(2), and petitioner obtained review of that decision in this court.

■ As to the final order of revocation, respondent CSD concedes that errors were committed in conducting the hearing and that the remand is proper. We add only that any subsequent proceedings must be conducted upon a new notice. CSD apparently treated the letter of July 13, informing petitioner of the immediate revocation of her certificate, as the notice for the subsequent contested case. But the letter was not adequate for this purpose. ORS 183.415(2) requires a notice to include:

> (a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;
>
> (b) A statement of the authority and jurisdiction under which the hearing is to be held;
>
> (c) A reference to the particular sections of the statutes and rules involved; and
>
> (d) A short and plain statement of the matters asserted or charged.

While the statement of the agency's charges should be "short and plain," it should be somewhat more informative than the mere assertion that the "sanitary conditions" in petitioner's home "do not provide a healthy environment for children."

■■ As to the purported "immediate" revocation of petitioner's certificate in advance of a hearing, CSD invokes ORS 183.430(2), which permits an agency to proceed without a hearing "where the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings."[2] As the

---

[2] ORS 183.430(2):

In any case where the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings, the agency may suspend or refuse to renew a license without hearing, but

agency conceded on oral argument, the letter of July 13 could only with difficulty be defended as the kind of specific reasons and findings demanded for emergency action under that section. The function of those reasons and findings, unlike that of a notice, is not to inform the licensee of charges and define issues in a later proceeding, but to assure attention of the agency to concrete facts and well-considered reasons *in lieu* of a proceeding. But in any event, the section does not help the agency here. All that ORS 183.430 permits to be done without a hearing is to "suspend or refuse to renew a license," *not* to revoke it. The administrative procedure act clearly recognizes a suspension and a revocation as separate actions. ORS 183.310(2) (b), (c), 183.310(4). A common difference is that a person may have to requalify for a license after a revocation but not necessarily after the end of a suspension. There is good reason for the omission of "revocation" from ORS 183.430(2), since the need for immediacy that alone justifies a prehearing order is adequately served by a suspension. This is, in fact, recognized in CSD's own rule on the point, which only provides that the division "may immediately and without prior hearing suspend or decline to renew certificates," not revoke them. OAR 412-10-000(2).

In this case, however, the agency plainly purported to revoke petitioner's certificate. It so informed petitioner. Its decision was not to suspend the certificate for a period of time, or until certain conditions were met, but to revoke it. Such a revocation is not within the terms of ORS 183.430(2) or CSD's rule. In

if the licensee demands a hearing within 90 days after the date of notice to the licensee of such suspension or refusal to renew, then a hearing must be granted to the licensee as soon as practicable after such demand, and the agency shall issue an order pursuant to such hearing as required by ORS 183.310 to 183.500 confirming, altering or revoking its earlier order. Such a hearing need not be held where the order of suspension or refusal to renew is accompanied by or is pursuant to, a citation for violation which is subject to judicial determination in any court of this state, and the order by its terms will terminate in case of final judgment in favor of the licensee.

fact, given the apparent lack of attention to the specific reasons and findings required by that section, the attempt to invoke it to defend the action has the appearance of an afterthought.[3]

■ A revocation expressly requires a hearing under CSD's own authorizing statute, ORS 418.845, as well as the administrative procedure act. Since none had been provided or waived, the attempted revocation was ineffective and petitioner's certificate remained in effect pending a further, valid order of the agency.

Affirmed in part, reversed in part and remanded.

---

[3]If ORS 183.430(2) did apply, there is a question whether the prehearing order could be reviewed directly by the Court of Appeals, since it may not then result from a "contested case." *See* ORS 183.310(2), (4), ORS 183.480-183.484. In the absence of an agency hearing or record, perhaps such an order is properly reviewable in circuit court under ORS 183.484. Since ORS 183.430(2) does not apply, however, we have no occasion to decide whether a case in which a hearing is mandated by the fourteenth amendment, as petitioner claims, would remain a contested case under ORS 183.310(2)(a) despite ORS 183.430(2).