## 58747. GEORGIA REAL ESTATE COMMISSION v. WARREN et al.

DEEN, Chief Judge.

This is an appeal by the Georgia Real Estate Commission from a judgment of the Superior Court of DeKalb County reversing its formal order of censure of the appellee real estate brokers d/b/a Century 21/Atlanta North Realtors. The censure action resulted from a charge of violation of Rule 520-1-.04 (5) forbidding, under its advertising section, "The making or offering of gifts, other than the normal services or amenities of a broker, directly or indirectly for the purpose of securing business."

The rule-making power of the commission derives from Code § 84-1405 which provides that the commission "shall do all things necessary and convenient to carry into effect the provisions of this Chapter and may, from time to time, promulgate necessary rules and regulations to carry out the provisions of this Chapter." Code § 84-1421 gives the Commission power, after hearing, to censure, revoke,

or suspend the license of a broker who has been found guilty of false or fraudulent representation in obtaining his license, or has been guilty of any unfair trade practice including but not limited to 28 specified types of activity. Most of these involve dishonest, deceitful or criminal conduct, such as publishing intentionally misleading advertisements, failing to remit or account for funds in their possession, charging undisclosed commissions, making substantial misrepresentations, becoming parties to the falsification of a contract, and so on. Subsection 16 forbids "soliciting, selling or offering for sale real estate by offering free lots or conducting lotteries for the purpose of influencing a purchaser or prospective purchaser of real estate" and subsection 25 allows sanctions against those "having demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interest of the public; or any other conduct whether of the same or a different character than heretofore specified which constitutes dishonest dealing."

The conduct complained of was an advertisement in a Chamber of Commerce magazine which stated: "We LOVE TRANSFEREES! . . . so much so that we have arranged to provide for prospective purchasers two nights free lodging for up to four people at the luxurious Perimeter Mall Marriott Hotel just three blocks from our office . . . if you are moving to Atlanta and plan to buy a home here, call collect: T—— T—— relocation director [telephone number] so that we may make your reservations and send you our *free* Homebuyers' Kit for a preview of Atlanta." There is no contention that the advertisement was misleading or fraudulent, or even that the free lodging depended on whether or not the guest actually decided to purchase. Neither did the Commission find fault with the free homebuyer's kit which was distributed at the same time. The defendants contended, and the superior court judge agreed in reversing the administrative order, that Rule 520-1-.04 (5) exceeded the statutory authority of the Commission, that the regulation in question was unconstitutionally vague and imprecise, that the advertising matter which was the basis of the charge did as a matter of law constitute

normal services and amenities of a real estate broker, and that enforcement of the regulation was accordingly arbitrary and capricious.

We affirm the judgment of reversal of the administrative reprimand order. "A legislatively delegated power to make rules and regulations is administrative in nature, and it is not and cannot be the power to make laws; it is only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute. Legislation may not be enacted by an administrative agency under the guise of its exercise of the power to make rules and regulations by issuing a rule or regulation which is inconsistent or out of harmony with, or which alters, adds to, extends or enlarges, subverts, or impairs, limits, or restricts the act being administered . . . It is the statute, not the agency, which directs what shall be done." 1 AmJur2d 944, 945, Administrative Law, § 132. The 28 types of activity listed in the statute as constituting unfair practices all refer to specified types of activity which on their face constitute overreaching, fraudulent practice, or criminal activities. The dragnet provision (No. 25) refers to proved unworthiness or dishonest dealing, which is not charged. The "unlawful gift" section (No. 16) refers to "gifts" or lotteries of land. Lotteries of course are unlawful. It may thus be broadly said that unless some dishonest or criminal activity is involved the statute does not authorize the Commission to punish by rules and regulations enacted pursuant to Code § 84-1421. "It is a well known rule that in construing a statute where certain acts are specified which are followed by a general expression referring to other acts, such other acts must be of like character with those named." *Ga. Board of Chiropractic Examiners v. Ball,* 224 Ga. 85, 89 (160 SE2d 340) (1968). The *Ball* case is particularly close on its facts to this one. There, a board regulation forbade, among other things, the making and use of free X-rays. The court pointed out that the rulemaking power delegated to the board by the statute was intended against unprofessional and dishonorable conduct, and the making of free X-rays could not be so characterized and was accordingly beyond the power of the board, with the result that display type

advertising offering free X-rays could not be prohibited. The advertising in question here, which offers a night's lodging to persons newly arrived in Atlanta who are house-hunting may or may not be economically feasible, but it is not dishonest, or criminal, nor is it "incompetent or unworthy" within the meaning of the statute.

We are further inclined to agree with the trial court that that part of Rule 520-1-.04 (5) containing the words "other than the normal services or amenities of a broker" in the section forbidding the offering of gifts in connection with advertising, is impermissibly vague. The purpose of the advertising section is stated in the first subdivision which forbids any advertising which misleads or misrepresents the subject matter. Granted that the distinction between a gift and a bribe may at times tend to blur, something more than "normal services and amenities" needs to be specified. "The law must so definitely and certainly define the offense that a person of reasonable understanding can know at the time of the commission of the act that the law is being violated." *Howard v. State,* 151 Ga. 845, 848 (108 SE 513) (1921).

*The judgment of the superior court reversing the administrative censure order is affirmed. Shulman and Carley, JJ., concur.*

Submitted October 3, 1979 — Decided November 13, 1979.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.
*Helen J. Medlin,* for appellees.