## 64133. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS v. HERTELL.

SHULMAN, Presiding Judge.

A proceeding pursuant to Code Ann. § 84-916 was instituted for the purpose of determining whether disciplinary action should be imposed on appellee-physician. The proceeding was based on allegations that appellee had, on a specified occasion, examined and treated patients while under the influence of alcohol and controlled substances. It was further alleged that appellee had, on the same occasion, driven a vehicle while under the influence of alcohol and drugs and had caused the death of two persons. The evidence adduced before the hearing examiner showed that at approximately 3:00 a.m. on April 15, 1978, appellee received a telephone call concerning another doctor's patient. Appellee and the other doctor had often covered for each other when one of them was unable to see patients. In response to the call, in which appellee was informed that the patient had refused to submit to the diagnostic tests for which he had entered the hospital, appellee went to the hospital. Upon his arrival there, appellee went to the patient's room and examined the patient's chart. The chart indicated that the tests had been performed, so appellee left the hospital to go to another hospital to see his own patients. En route to the other hospital, appellee was involved in a vehicular collision which resulted in the deaths of two men. Appellee subsequently pleaded nolo contendere to two counts of vehicular homicide in the second degree. Appellee admitted that on the preceding evening he had had several beers and had taken a methaqualone tablet. There was also evidence that appellee had taken another prescription drug that evening.

The hearing examiner, in a decision that was affirmed by the Composite State Board of Medical Examiners (appellant herein), found that appellee had made a medical judgment and had operated a motor vehicle while under the influence of alcohol and controlled substances. On the basis of those findings, the hearing examiner concluded that appellee's conduct warranted disciplinary action under Code Ann. § 84-916 (a)(7): "The board shall have authority to . . . discipline a physician licensed under this Chapter or any antecedent law upon a finding by the board that the licentiate . . . has: (7) Engaged in any unprofessional, unethical, deceptive or deleterious conduct or practice harmful to the public, which conduct or practice

need not have resulted in actual injury to any person; unprofessional conduct shall also include any departure from, or the failure to conform to, the minimal standards of acceptable and prevailing medical practice . . ." Appellee's license to practice medicine was ordered suspended for a period of time.

Dr. Hertell appealed the board's decision to the superior court. That court concluded that driving a vehicle under the influence of alcohol and drugs did not come within the ambit of conduct described in the cited Code section and that there was insufficient evidence to support a finding that appellee had made a medical judgment while under the influence of alcohol and drugs. We granted appellant's application for a discretionary appeal from the superior court's ruling.

1. Appellee's motion to dismiss the appeal is denied. The basis for the motion, the tardiness of appellant in filing a brief and enumeration of errors, is not one of the grounds for dismissal specified by Code Ann. § 6-809 (b). Since none of the statutory grounds applies and since appellant's counsel did not fail to comply with any order of this court with regard to filing a brief and enumeration of error, no basis for dismissal appears. *Apex Supply Co. v. Johnny Long Homes, Inc.,* 143 Ga. App. 699 (1) (240 SE2d 171).

2. The basis for the trial court's ruling that driving under the influence of alcohol and drugs was not conduct encompassed by Code Ann. § 84-916 (a)(7) was its conclusion that the conduct in question was "unrelated to the practice of medicine, and is therefore insufficient as a matter of law to warrant disciplinary action." We agree.

"No other ground for revocation is invoked as frequently, perhaps, as 'unprofessional,' 'dishonorable,' or 'immoral' conduct in connection with the practice of medicine or the particular branch or system thereof in which the licensee in question is engaged. Such conduct is specified as grounds for revocation in many of the statutes, and . . . the validity of such statutes has been sustained by the courts in almost every instance. The quoted words, and other similar ones which are sometimes used in the statutes, are words of general, rather than exact and definite significance. The courts are in substantial accord, however, that they are to be construed to mean that which, by common understanding and general opinion, is considered to be grossly immoral, dishonorable, or disreputable *in connection with the practice of medicine."* (Emphasis supplied.) *Ga. Bd. of Chiropractic Examiners v. Ball,* 224 Ga. 85, 88 (160 SE2d 340).

In addition to the language in *Ga. Bd. of Chiropractic Examiners v. Ball,* we find support in the language of § 84-916 (a) itself. There are several subsections in that section which deal with matters not

directly related to the practice of medicine, i.e., subsections (3), (4), (11), and (12). Subsection (7), however, refers to professionalism, ethics and standards of *medical* practice. We conclude, therefore, as did the superior court, that conduct not related to the practice of medicine does not come within the ambit of § 84-916 (a)(7) and cannot form the basis of disciplinary action taken pursuant to that subsection.

3. In its second enumeration of error, appellant contends that the trial court erred in its conclusion that there was insufficient evidence to support the conclusion that appellee made a medical judgment while under the influence of alcohol and drugs. The issue is not whether there was sufficient evidence to support a finding that appellee was under the influence of alcohol and drugs but whether the actions he took while under the influence of alcohol and drugs constituted the making of a medical judgment.

We have found no precedent to guide us in determining when a medical judgment has been made, and counsel have provided us with none. We turn, therefore, to the definition of "judgment" to ascertain whether one was made in this case. Black's Law Dictionary (Revised 4th Edition) offers the following: "The formation of an opinion or notion concerning some thing by exercising the mind upon it." We find that an appropriate definition in the context of a "medical judgment," and, applying it to the facts of the present case, are compelled to find that appellee, from the undisputed facts, did make a medical judgment on the occasion in question. Appellee's own deposition indicates that he went to the hospital, reviewed the patient's chart, determined that the necessary tests had been made and that the patient was asleep. Based on those observations, appellee concluded (made the judgment) that his services were not required by that patient.

The question here is not whether appellee's judgment was correct but whether he made it at all. It appears, from hindsight, that appellee's judgment that he did not need to do anything for the patient was correct. However, the statute under which appellant sought to discipline appellee specifically negated the requirement that actual harm result from the conduct proscribed by Code Ann. § 84-916 (a)(7). Here, the facts demand the conclusion that appellee formed a medical opinion from his review of the patient's chart and his observation of the patient. The trial court's conclusion to the contrary was erroneous. While it may be true that appellee did not treat the patient, the decision that no treatment was necessary was made by appellee while under the influence of alcohol and drugs. The evidence in this case was that the making of a medical judgment under those circumstances constituted a departure from the minimal

standards of acceptable and prevailing medical practice. It follows that the decision of the appellant on that issue was correct and the trial court erred in reversing that decision.

In summary, we have ruled that the superior court was correct in its holding that driving under the influence did not constitute a ground for disciplinary action under Code Ann. § 84-916 (a)(7), but that the superior court erred in holding that the evidence did not authorize the conclusion that appellee made a medical judgment while under the influence of alcohol and drugs. Since the disciplinary action taken by the Board was based on two grounds and only one of those grounds is still viable, it is necessary that this case be remanded to the Board so that it may consider what disciplinary action is appropriate in consideration of the single remaining ground for disciplinary action. The superior court is directed, therefore, to remand this case to the Board for that determination.

*Judgment reversed and case remanded for proceedings consistent herewith. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1982 —
REHEARING DENIED OCTOBER 1, 1982 —

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, Verley J. Spivey, Senior Assistant Attorneys General, Ray O. Lerer, Assistant Attorney General,* for appellant.

*Stephen A. Kermish, Sue Kisner Varon, David W. Davenport,* for appellee.