## S94A0193. EVERETT v. GEORGIA BOARD OF DENTISTRY et al.

### (441 SE2d 66)

Carley, Justice.

Appellant-plaintiff is a practicing dentist who was arrested for the following misdemeanors: possession of marijuana; exhibiting pornography to minors; contributing to the delinquency of minors; and, sexual battery. Within a few days of the arrest, appellee-defendant Georgia Board of Dentistry (Board) issued an order which summarily suspended appellant's license to practice dentistry pending further proceedings. Appellant filed the instant complaint, seeking a declaratory judgment and injunctive relief based upon alleged constitutional and statutory violations committed by the Board in effectuating the summary suspension. The trial court denied appellant's request for an interlocutory injunction and appellant appeals from that order.

1. The trial court's order does not show that an incorrect standard was used in determining whether to grant or deny an interlocutory injunction. See *Wilson v. Sermons,* 236 Ga. 400 (223 SE2d 816) (1976); *Ledbetter Bros. v. Floyd County,* 237 Ga. 22 (1) (226 SE2d 730) (1976).

2. Appellant contends that the trial court erred in holding that the procedure followed by the Board was not violative of due process.

Under OCGA § 50-13-18 (c) (1), a licensee must be afforded notice and an opportunity to be heard prior to the suspension of his license *except* where

[t]he agency finds that the public health, safety, or welfare imperatively requires emergency action and incorporates a finding to that effect in its order, in which case summary suspension of a license may be ordered pending proceedings for revocation or other action, which proceeding shall be promptly instituted and determined. . . .

In the instant case, the Board did make the requisite finding. That

finding was supported by the arrest warrant for sexual offenses committed against children and the alleged occurrence of the crimes at the same location where appellant practiced dentistry. Furthermore, the proceeding to revoke appellant's license, with its accompanying procedural protections, was simultaneously instituted. Under the circumstances, due process did not require a hearing prior to the summary suspension. See *Caine v. Hardy*, 943 F2d 1406, 1412 (5th Cir. 1991); *State ex rel. Perry v. Miller*, 300 SE2d 622, 627-628 (W. Va. 1983); *Phillips v. Graham*, 427 NE2d 550, 555-556 (Ill. 1981).

3. Appellant's summary suspension need not have been predicated upon his conviction for the criminal offenses. OCGA § 43-11-47 (a) (6) authorizes discipline based upon

> any unprofessional, immoral, unethical, deceptive, or deleterious conduct or practice harmful to the public, which conduct or practice materially affects the fitness of the licensee or applicant to practice dentistry, or [is] of a nature likely to jeopardize the interest of the public, which conduct or practice need not have resulted in actual injury to any person or be directly related to the practice of dentistry but shows that the licensee or applicant has committed any act or omission which is indicative of bad moral character or untrustworthiness. . . .

See also OCGA § 43-1-19 (a) (6). The criminal conduct with which appellant has been charged certainly falls within these parameters. Compare *Composite State Bd. of Med. Examiners v. Hertell*, 163 Ga. App. 665 (295 SE2d 223) (1982), involving OCGA § 43-34-37, which does not contain the qualifying language "need not be directly related to the practice." See Annot., 34 ALR4th 609, §§ 9, 10. It is immaterial that OCGA § 43-11-47 (a) (6) was not specifically cited by the Board as the basis for its order of summary suspension. The function of an agency's finding pursuant to OCGA § 50-13-18 (c) (1) that emergency action is required, "unlike that of a notice, is not to inform the licensee of charges and define issues in a later proceeding. . . ." *Reynolds v. Children's Svcs. Div.*, 571 P2d 505, 508 (Or. 1977).

4. Appellant's contention that OCGA § 50-13-18 (c) (1) is unconstitutionally void for vagueness has not been preserved for appellate review.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 14, 1994.

*Melvin S. Nash,* for appellant.
*Michael J. Bowers, Attorney General, Roger M. Siegel, Assistant*

*Attorney General, Beverly B. Martin, Senior Assistant Attorney General, John E. Hennelly, Staff Attorney,* for appellees.