40682.   CITY OF DOUGLAS v. CARTRETT.

DECIDED MAY 6, 1964.

684

*M. L. Preston, George E. Maddox, Wilson G. Pedrick,* for plaintiff in error.

*Arthur Farrar, J. W. Waldroup,* contra.

EBERHARDT, Judge. ■ The city excepts to the overruling of its general demurrer; thus, if for any reason the petition does not set out a cause of action it must prevail.

The grant of the easement by Mrs. Cartrett to the city was by a deed poll dated July 9, 1952. In addition to the grant of the easement for the running of an effluent line from a sewage disposal plant across her lands, the instrument included the following agreements, which she avers have been breached resulting in damage to her property, for which the city has made no payment:

"[F]urther the party of the second part is to have the right of ingress and egress over the lands of the party of the first part for the maintenance of said facilities provided, however, that if any damage is done to the lands of the party of the first part other than that included within the said ten foot radius east and west and paralled [sic] following the course of said proposed line according to said survey expressly granted by this easement, then and in that event the party of the second part shall reimburse the party of the first part for any and all damage incurred by them.

"It being expressly understood that the party of the first part by signing this instrument does not waive any right for damages which may accrue from the use of said facilities to lands owned by her or to timber thereon or any other property not inclusive

of the area herein conveyed by the use of said facilities, but said damages are limited to those which arise from the use of said facilities solely and independent of any and all other causes.

"It being a further condition of this grant and easement that at all times the party of the second part will keep said ditch cleaned out, and completely navigable for the course of water therethrough. The party of the first part shall further have the right at any and all times to have the purity of the discharge or waste water from said plant examined and the party of the second part expressly covenants by accepting this conveyance to keep the purity of said water at a standard recommended by the Georgia State Department of Health or the United States Department of Health for plants of a similar kind and nature."

"The preservation of the public health is a governmental function. *Love v. Atlanta,* 95 Ga. 129, 133 (22 SE 29). The establishment and maintenance of a sewerage system by a municipality is for the protection of the public health, and is a governmental function. 38 Am. Jur. 334, § 633; *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345); *Foster v. Savannah,* 77 Ga. App. 346, 349 (48 SE2d 686)." *Barr v. City Council of Augusta,* 206 Ga. 750 (1) (58 SE2d 820).

Thus, any contract made by the city authorities here concerning the establishment or maintenance of the effluent line could not effectively extend beyond the term of the council making it. *Code* § 69-202; *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785); *Screws v. City of Atlanta,* 189 Ga. 839 (2) (8 SE2d 16).

The terms of the Mayor & Board of Aldermen, later City Commissioners, of Douglas at the time of the grant of the easement were fixed by the city charter (Ga. L. 1922, p. 791; Ga. L. 1941, p. 1319; Ga. L. 1957, p. 2833), from which it is apparent that there had been several elections and changes in the government after the grant of the easement and before the time when it is contended that there was a breach by the city of its agreements.

There is, of course, no inhibition against the acquisition by a municipality of title to, or of an easement in, land, though to be held in perpetuity for the public use, such as streets, alleys,

sidewalks, parks, water and sewerage systems, cemeteries, and the like. The power was recognized as inherent at common law and is generally provided specifically or in the general welfare provisions of its charter, for without it a municipality could not effectively function. The grant of the easement by Mrs. Cartrett was valid, and, since it was, she may contend that the added collateral agreements over and beyond the grant of the easement but included in the same instrument are binding as covenants running with the land.

"To constitute a covenant running with the land, there must first be an interest or estate therein granted, the covenant must relate to the interest or estate granted, and the act to be done must concern the interest created or title conveyed." *Grant-Jeter Co. v. American· Real Estate Co.*, 159 Ga. 80, 83 (125 SE 73).

Since the grant of an easement is the mere grant of a right to use for a particular purpose and not of any title to or estate in the land, it would appear that the agreements here do not and can not meet this test.

"All covenants relating to a subject-matter not in esse, such as for the erection of buildings upon the premises demised, are personal covenants and do not run with the land so as to bind the assignees, unless they are expressly named therein." *Atlanta Consolidated St. R. Co. v. Jackson*, 108 Ga. 634, 639 (34 SE 184).

Thus, a covenant on the part of a lessor to reimburse the lessee for repairs that he might make during the term, *Willcox v. Kehoe*, 124 Ga. 484 (52 SE 896, 4 LRA (NS) 466, 4 AC 437) to operate the cars of a street railroad over it a specified number of times during each day, *Atlanta Consolidated St. R. Co. v. Jackson*, 108 Ga. 634, supra, or to operate a school for white children, *Holloman v. Board of Ed. of Stewart County*, 168 Ga. 359 (147 SE 882) are mere collateral or personal covenants.

In the same category, we think, are the covenants or agreements on the part of the city here to pay damages that might at any time in the future be sustained by the grantor of the easement. No title or estate in the land was granted. The effluent ditch or drain was not in esse. The agreement to pay damages neither touched nor concerned the land. They were collateral agreements only.

This is not to say that the grantor of the easement has no remedy if the acts of the city in the use and maintenance of the easement are such as to constitute a nuisance and resulting damage. See *Kersey v. Atlanta,* 193 Ga. 862 (20 SE2d 245, 140 ALR 1352); *Vickers v. City of Fitzgerald,* 216 Ga. 476 (117 SE2d 316); *Stubbs v. City of Macon,* 78 Ga. App. 237 (50 SE2d 866); *City of Gainesville v. Moss,* 108 Ga. App. 713 (134 SE2d 547). But the plaintiff here has elected to proceed upon the contract, and the contract upon which she relies for her action is void. Disposition of the case in this manner prevents us from reaching the issue of whether notice under *Code Ann.* § 69-308 is required in this type of breach of contract action.

The overruling of the general demurrer was error.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*