## 30751. WILSON v. SERMONS.

HALL, Justice.

This is an appeal from the denial of injunctive relief.

Appellant Wilson owns land on which she maintains both her home and a separate building in which she conducts a restaurant. This land lies in a neighborhood in which there are other nearby commercial establishments. Wilson's next door neighbor undertook to erect on his lot a mobile home for his family's occupancy. Wilson's opposition culminated in her equitable suit in Lowndes County Superior Court seeking to enjoin the erection and occupancy of the mobile home on the ground that the zoning variance permitting the use was for various reasons unlawful. After the issuance of a temporary restraining order, the matter came to be heard on her application for interlocutory injunction. At the conclusion of the hearing the restraining order was dissolved and the interlocutory injunction was denied. This is her appeal.

We do not agree with Wilson's contentions that the face of the superior court order shows that court concluded erroneously that she was required to show irreparable injury (required for a temporary restraining order, Code Ann. § 81A-165 (b)) and that without such showing it had no discretion to grant an interlocutory injunction. The order shows instead that the court concluded that Wilson had shown neither illegality nor harm to herself and consequently "this is not a proper case for interlocutory injunction" on the facts.

The superior court's task on application for interlocutory injunction was to balance the conveniences of the parties, to preserve the status quo, and to consider whether greater harm would result from granting or refusing the injunction. *Maddox v. Willis,* 205 Ga. 596, 597 (54 SE2d 632) (1949); see *Clark v. Nelson,* 234 Ga. 644, 645 (217 SE2d 158) (1975). The superior court has extensive discretion in making this determination. Code Ann. § 55-108. Our task on appeal is to leave the order undisturbed unless we find that the superior court has manifestly abused that discretion. *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631, 636 (198 SE2d 503) (1973); see

*Clark v. Nelson,* supra.

Nothing in the record before us shows that the issuance of the variance was in any way unlawful, nor does anything in the record show that Wilson suffered harm from her neighbor's mobile home. Accordingly, she failed to make the case required to entitle her to injunctive relief, and the superior court did not err in its order.

We find no error in the superior court's failure to consolidate an alleged pending action on the merits (an appeal from the Board of Zoning Appeals) with the application for interlocutory injunction, as it had the power to do under Code Ann. § 81A-165 (a) (2), because we find no abuse of discretion in such failure. *Maslia v. DiMauro,* 232 Ga. 546 (207 SE2d 509) (1974).

All enumerations of error have been found without merit; the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 29, 1976 — DECIDED MARCH 2, 1976.

*R. Jerome Shepherd, Robert Y. Dewar,* for appellant.
*Tillman, Brice, McTier, Coleman & Talley, T. Lamar Tillman,* for appellee.