### 30947. LEDBETTER BROTHERS, INC. v. FLOYD COUNTY et al.

JORDAN, Justice.

This is an appeal from an interlocutory order, entered after a hearing, in which the Superior Court of Floyd County denied appellant's prayers for an interlocutory injunction.

Appellant, as a taxpayer, seeks to enjoin as ultra vires the Board of Commissioners of Floyd County from expending public funds for the purchase of facilities and equipment to undertake the production of asphalt. After a hearing the trial court, in a complete and well researched opinion, found the proposed plans and plant to be workable; that the commissioners have authority to purchase and operate an asphalt plant; that the asphalt mix to be produced would be used in the construction and maintenance of county roads, and would not be sold to the general public or private enterprises.

1. Appellant argues that the sole purpose of the hearing on an interlocutory injunction is to determine how best to maintain the status quo until the final hearing by balancing the relative conveniences of the parties. We agree that the court on an interlocutory injunction is not making a final order, and that any findings of the trial judge are not conclusive on the parties on the final hearing. However, the trial court on an interlocutory hearing may look to the final hearing and contemplate the results. *Bradley v. Roberts,* 233 Ga. 114 (210 SE2d 236) (1974); *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 223 Ga. 784 (158 SE2d 248) (1967). In balancing the relative conveniences of the parties, the court may determine that the law and facts are so adverse to one party's position that a final order in his favor is unlikely. Where the court concludes that a final judgment for the plaintiff is unlikely, it may be justified in denying the temporary injunction because of the inconvenience and harm to the defendant if the injunction was granted.

2. Appellant further contends that the trial court abused its discretion in denying the temporary injunction.

Where the trial court, in ruling on an interlocutory injunction, makes findings of fact based upon conflicting evidence, this court will not disturb the ruling as an abuse of discretion unless the denial or granting of the injunction was based on an erroneous interpretation of the law. *Holderness v. Lands West,* 232 Ga. 452 (207 SE2d 464) (1974); *Forrester v. City of Gainesville,* 223 Ga. 344 (155 SE2d 376) (1967). The trial court concluded as a matter of law that the county commissioners have authority under the State Constitution and statutes to purchase and operate an asphalt mix plant and produce asphalt for use on county roads, and that the county commissioners have not abused their discretion in proceeding with the project.

The Georgia Constitution grants broad and general powers to the counties to levy taxes and expend public funds for the purpose of road construction, maintenance and improvement, which are explained and developed further by statute. Art. VII, Sec. IV, Par. II (Code Ann. § 2-5701). The Code of Public Transportation sets out the duties of the county with respect to its road system: "A county shall plan, designate, improve, manage, control, construct, and maintain an adequate county road system and shall have control of and responsibility for all construction, maintenance, or other work related to the county road system." Code Ann. § 95A-401 (a) (Ga. L. 1973, pp. 947, 994; 1974, pp. 1422, 1430). This statute places broad responsibilities, similar in scope to the powers granted in the Constitution, on the counties in regard to a county road system, including the responsibility for all "work related to the county road system." The statute goes on to provide incidental powers and for a liberal construction of all powers granted to the counties in regard to road systems.

The trial court was authorized to find that the counties have implied authority to develop facilities for the production of asphalt for use in the county road system.

The trial court concluded from the evidence that the commissioners undertook to investigate and study the feasibility of the proposal, that the commissioners made their own decisions based upon that study, and that the

county would be able to produce asphalt at a lower cost than it could purchase it commercially. Under this state of facts a finding was authorized that the commissioners did not abuse their discretion in the proposed purchase and operation of an asphalt plant.

3. Appellant contends that the acts and proposed acts of the appellees are illegal as an unconstitutional intrusion into private enterprise. The evidence, to the contrary, shows that the county intends to use the asphalt for the construction and maintenance of county roads. There is no evidence that the county will or intends to offer the asphalt for sale to the public. We agree with the trial court that the mere production of asphalt, without more, does not not constitute an intrusion into private enterprise. See *Wood v. Floyd County,* 161 Ga. 743 (131 SE 882) (1925), and *Beazley v. DeKalb County,* 210 Ga. 41 (77 SE2d 740) (1953).

4. Appellant contends that the acts and proposed acts of the commissioners are illegal pursuant to Code Ann. § 69-202 as an attempt to bind successor boards so as to prevent free legislation in county government matters. Appellant's reliance on § 69-202 is misplaced. It prohibits, as ultra vires, the enactment of ordinances or the execution of contracts which are effective beyond the term of the commissioners then in office. *McElmurray v. Richmond County,* 223 Ga. 47 (153 SE2d 427) (1967); *City of Douglas v. Cartrett,* 109 Ga. App. 683 (137 SE2d 358) (1964). The contract to purchase the asphalt plant does not create a debt payable beyond the term of the present board of commissioners. Evidence at the hearing establishes that full payment will be made at the time the plant is delivered and made operational. We agree with the trial court that the determining factor is whether the contract will be completed within the term of the commissioners, and not whether the depreciable life of the property extends beyond the term of the commissioners.

5. We find no merit in any of the other contentions of the appellant.

The trial court's ruling was well within its discretion, and will not be disturbed. Code Ann. § 55-108.

*Judgment affirmed. All the Justices concur.*

Submitted April 16, 1976 — Decided June 8, 1976.

*Brinson, Askew & Berry, Robert L. Berry, Robert M. Brinson,* for appellant.
*George Anderson,* for appellees.