S90A1526. KENNEDY v. W. M. SHEPPARD LUMBER
COMPANY, INC.
(401 SE2d 515)

BENHAM, Justice.

Appellant is a former employee of appellee against whom appellee filed suit, alleging in the verified pleading that, over a nine-year period, appellant had breached his fiduciary duty, defrauded appellee, and converted to his own use an unascertained amount of appellee's funds by making unreported cash sales of scrap lumber. Averring that appellant had used the allegedly converted money to purchase realty and personalty and asserting an equitable title therein, appellee sought and was granted an interlocutory injunction enjoining appellant from, among other things, disbursing or transferring possession or ownership of any real or personal property in which he had a proprietary interest, except as might be necessary for routine living expenses; and from encumbering with additional debt the title to any real estate owned in whole or in part by appellant.[1] The trial court also gave full force and effect to appellee's lis pendens that referenced the affected real property.

At the hearing on the interlocutory injunction, appellee presented evidence that appellant had made cash sales of scrap lumber belonging to appellee to various individuals and had not turned in all the cash or receipts for those sales to the office manager. Evidence of such sales totalling approximately $8,700 was introduced. Appellant did not appear at the hearing, and his counsel presented no evidence. The trial court determined that appellee's evidence formed a reasonable basis for believing that the appellee's allegations were true; there was a reasonable basis for believing that appellee would prevail on the merits; there was a substantial threat that appellee would suffer an irreparable injury for which there was no adequate remedy at law unless appellant was restrained from disposing or transferring his real

[1] Although not at issue on appeal, the trial court also enjoined appellant from "[a]ltering, destroying, disposing of and/or removing all personal financial records, books, cancelled checks and bank or other financial statements and other records from January 1, 1985 to date."

and personal property; and the potential injury to appellee should the injunction be denied outweighed the potential harm to appellant brought about by the grant of the injunction. Appellant maintains the trial court abused its discretion in granting the interlocutory injunction.

> 1. The granting and continuing of injunctions shall always rest in the sound discretion of the judge. . . . This power shall be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to. [OCGA § 9-5-8.]

The trial court's discretion will not be disturbed by this court "unless a manifest abuse of that discretion is shown [cits.], or, . . . unless there was no evidence on which to base the ruling. [Cit.]" *Glen Oak, Inc. v. Henderson*, 258 Ga. 455 (1) (369 SE2d 736) (1988).

> Equity intervenes by grant of an interlocutory injunction to prevent irreparable damage to one of the parties and to maintain the status quo until a final determination is made. [Cits.] In short, there must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy. [*Price v. Empire Land Co.*, 218 Ga. 80, 85 (126 SE2d 626) (1962).]

See also *West v. Koufman*, 259 Ga. 505 (384 SE2d 664) (1989). Appellee/complainant had the burden of establishing the material allegations entitling it to injunctive relief. *Tarver v. Silver*, 180 Ga. 124, 126 (178 SE 377) (1934). In the case at bar, there was no evidence presented that the status quo was in any way endangered and in need of preservation by means of an interlocutory injunction.[2] In the absence of such evidence, we must conclude that the trial court abused its discretion in granting those portions of the interlocutory injunction which enjoined appellant from disbursing or transferring possession or ownership of his real and personal property, and from further encumbering the title of any real property in which he had an ownership interest.

2. Appellant also takes issue with the portion of the trial court's order providing that appellee's lis pendens, filed concurrent with its

---

[2] Review of the record in *Mitchell v. Hayden Stone, Inc.*, 225 Ga. 711 (171 SE2d 280) (1969), relied on by appellee, discloses that the trial court, in issuing the interlocutory injunction therein, made a finding of fact that defendant Mitchell "would be unable to respond to a judgment in the sum of one million dollars." Thus, an interlocutory injunction preventing Mitchell from disposing of his assets, which allegedly included the proceeds of the sale of stolen IBM stock, was in order.

complaint, remain in full force and effect. A lis pendens becomes effective upon filing in the office of the superior court clerk. OCGA § 44-14-610. A court may order the removal of a lis pendens not entitled to be recorded. *Hill v. L/A Mgmt. Corp.*, 234 Ga. 341 (216 SE2d 97) (1975), but such action is generally preceded by a motion to cancel the lis pendens. The trial court did not err in failing to cancel, sua sponte, the lis pendens.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, J., who concurs in the judgment only, and Weltner, J., who dissents.*

DECIDED FEBRUARY 28, 1991 —
RECONSIDERATION DENIED MARCH 28, 1991.

*Edenfield, Stone & Cox, Gerald M. Edenfield, James B. Rutledge III,* for appellant.

*Oliver, Maner & Gray, William T. Moore, Jr., I. Gregory Hodges, Patricia C. Tanzer,* for appellee.