S99A0184. LEE et al. v. ENVIRONMENTAL PEST & TERMITE CONTROL, INC.
(516 SE2d 76)

THOMPSON, Justice.

This is an appeal from the grant of an interlocutory injunction restraining appellants from doing business with certain customers of appellee. Finding no manifest abuse of discretion, see *Kennedy v. W. M. Sheppard Lumber Co.,* 261 Ga. 145, 146 (401 SE2d 515) (1991), we affirm.

Lee was a branch manager of Environmental Pest & Termite Control, Inc. ("Environmental Pest"). He executed an employment agreement in which he agreed that, during the term of the agreement and for a period of two years following termination, he would not use confidential information obtained during the course of his employment with Environmental Pest. In this regard, the agreement read:

The Employee agrees that [his] position with Employer

---

[19] See OCGA § 24-10-26; *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976).
[20] OCGA § 50-18-70.

will place [him] in a position of confidence and trust with customers and will allow [him] access to confidential processes, account locations, customer names, price list[s], and other matters. [He] understands that the Employer's business would be damaged [irreparably] if the Employee used such information to compete in any form or fashion with Employer.

With this in mind, the Employee will not at any time, during this agreement or two years after Employee's termination, divulge to others or use for his own benefit any confidential information obtained during the course of this agreement . . . relating to sales, processes, proposals, customer and client list[s], and information belonging to or relating to the affairs of Employer. . . .

The Employee understands and agrees that [the] covenants set forth herein are reasonable and necessary for the protection of Employer's interest and are fair for both the Employer and the Employee.

Employee agrees that in the event of actual or threatened breach of this agreement, the Employer may bring a civil action in Fulton County, Georgia, for an injunction restraining Employee . . . [and] for actual damages measured by economic loss including reasonable attorney's fees.

Lee voluntarily terminated his employment with Environmental Pest. Shortly thereafter, Lee and Dell Walker formed Future Pest Control, Inc. ("Future Pest").[1] When Future Pest sought business with Environmental Pest's customers, Environmental Pest brought suit against Lee, Walker and Future Pest, seeking injunctive relief and damages resulting from Lee's alleged breach of the employment agreement and his tortious interference with Environmental Pest's contractual relationships.

Following a hearing, the trial court entered a preliminary injunction prohibiting Lee and Future Pest from soliciting, servicing, or otherwise doing business with customers that Lee contacted, or learned about, during the time he was employed by Environmental Pest. This appeal followed.

1. Jurisdiction of this appeal lies in this Court. Compare *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755 (493 SE2d 132) (1997) with *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

---

[1] Lee is the president and a majority shareholder of Future Pest. Walker is a minority shareholder of the company.

2.

An interlocutory injunction "is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. . . . There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy." *Price v. Empire Land Co.,* 218 Ga. 80, 85 (126 SE2d 626) (1962). The trial court has broad discretion to decide whether to grant or deny a request for an interlocutory injunction (OCGA § 9-5-8; *Avnet, Inc. v. Wyle Laboratories,* 263 Ga. 615 (1) (437 SE2d 302) (1993)), and the appellate courts will not disturb the trial court's exercise of its discretion unless a manifest abuse of discretion is shown or there was no evidence on which to base the ruling. *Kennedy v. W. M. Sheppard Lumber Co.,* 261 Ga. 145 (1) (401 SE2d 515) (1991).

*Chambers v. Peach County*, 268 Ga. 672, 673 (492 SE2d 191) (1997).

A trial court may issue an interlocutory injunction to maintain the status quo until the final hearing if, by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction. *Ledbetter Brothers v. Floyd County*, 237 Ga. 22 (226 SE2d 730) (1976). In determining whether the equities favor one party or the other, a trial court may look to the final hearing and contemplate the results. Id. If the trial court determines that the law and facts are so adverse to a plaintiff's position that a final order in his favor is unlikely, it may be justified in denying the temporary injunction because of the inconvenience and harm to the defendant if the injunction were granted. Id.

Appellants argue that the trial court abused its discretion in granting the temporary injunction because it was based on an erroneous interpretation of law. More specifically, appellants posit that the trial court erred in construing the employment agreement to prohibit Lee from providing termite and pest control services to Environmental Pest's customers because the non-disclosure provision is unreasonable as a matter of law. We disagree.

[W]hen a duty has been imposed upon an employee pursuant to contract not to disclose confidential business information upon termination of employment, public policy is swung in favor of protecting these commercial intangibles and of preventing unfair methods of exploiting them in breach of duty. . . . Covenants not to disclose and utilize confidential business information are related to general covenants not to

compete because of the similar employer interest in maintaining competitive advantage. Unlike general noncompetition provisions, however, specific non-disclosure clauses bear no relation to territorial limitations and their reasonableness turns on factors of time and the nature of the business interest sought to be protected. [Cit.] In determining whether restraints on disclosure are reasonable, two factors are of importance: (1) whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers, personnel data, and so on — even though the information does not rise to the stature of a trade secret; and (2) whether the restraint is reasonably related to the protection of the information. [Cit.]

*Durham v. Stand-By Labor*, 230 Ga. 558, 563-564 (198 SE2d 145) (1973). Since Lee's agreement with Environmental Pest sought to protect confidential business information and was reasonably related to the protection of that information, it cannot be said that the employment agreement is unreasonable as a matter of law.

Relying upon *Avnet, Inc. v. Wyle Laboratories*, supra, appellants contend they cannot be restrained from contacting Environmental Pest's customers because Lee's employment agreement with Environmental Pest did not contain a non-competition restrictive covenant. We cannot accept this contention. True, *Avnet* holds that an employer who wishes to protect intangible customer information as well as tangible customer lists cannot rely on the Georgia Trade Secrets Act (OCGA § 10-1-760 et seq.), but must secure a non-competition restrictive covenant. However, Environmental Pest is not relying on the Trade Secrets Act. On the contrary, Environmental Pest relies on the fact that Lee *contractually* agreed that, for two years following the termination of his employment, he would not use confidential information that he obtained during the course of his employment. See *Avnet*, citing Restatement (Second) of Agency, § 396 (b) (prior to Trade Secrets Act, employee had duty not to use customer lists, but could use names of customers retained in his memory, *unless otherwise agreed*).

The law and facts are not so adverse to Environmental Pest's position that a final order in its favor is unlikely, and it is undisputed that Environmental Pest will be harmed in the absence of injunctive relief. Thus, it cannot be said that the grant of the interlocutory injunction was a manifest abuse of the trial court's discretion. See *Ledbetter Brothers v. Floyd County*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1999 —
RECONSIDERATION DENIED JULY 30, 1999.

*Stephen B. Wallace II, Albert B. Wallace,* for appellants.
*Decker & Hallman, W. Winston Briggs,* for appellee.