## S00A0099. PARKER v. CLARY LAKES RECREATION ASSOCIATION, INC.
### (526 SE2d 838)

CARLEY, Justice.

Philip Parker is a member of Clary Lakes Recreation Association, Inc. (Clary Lakes). Parker first brought suit against Clary Lakes in 1997. On January 22, 1999, while Parker's suit was pending, Clary Lakes gave its members notice that its annual meeting would be held on February 21, as well as notice of proposed budgets and assessments. At the meeting, a quorum of the members passed amended versions of those proposals. However, Parker made no payments to Clary Lakes and, on June 16, he filed an amended complaint seeking a preliminary injunction, alleging that the amended budgets and assessments were illegal under the bylaws and restrictive covenants. Parker requested the trial court to enjoin Clary Lakes from collecting or retaining the amended assessments and from failing to abide by the last validly passed budgets and assessments. At the hearing, the trial court expressed its intention to deny a preliminary injunction because Parker "is in bad standing. He hasn't paid any money, and he has no harm from this. I find that to be a compelling argument, and I'm not going to . . . force them back to a '95 position. That's not valid based on what I've heard." The trial court subsequently entered its written order denying an interlocutory

injunction. Parker appeals from this order.

"A trial court may issue an interlocutory injunction to maintain the status quo until the final hearing if, by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction. [Cit.]" *Lee v. Environmental Pest & Termite Control*, 271 Ga. 371, 373 (2) (516 SE2d 76) (1999). Thus, a demonstration of irreparable injury is not an absolute prerequisite to interlocutory injunctive relief. *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987); *Jackson v. Delk*, 257 Ga. 541, 544 (4) (c) (361 SE2d 370) (1987). However, the trial court did not require that Parker show irreparable harm in order to obtain the interlocutory injunction. See *Wilson v. Sermons*, 236 Ga. 400 (223 SE2d 816) (1976). Instead, the trial court balanced the absence of harm to Parker against the potential harm to Clary Lakes. As it was authorized to do, the trial court found that a return to the 1995 assessment would require the homeowners association to close the tennis courts and swimming pool and to terminate maintenance of common areas. The trial court also expressed doubt regarding the validity of Parker's legal position. See *Ledbetter Brothers v. Floyd County*, 237 Ga. 22 (1) (226 SE2d 730) (1976); *Wilson v. Sermons*, supra. After reviewing the record, we conclude that the trial court was authorized to find that the potential inconvenience and injury to Clary Lakes far exceeded that which Parker would suffer, and that a final order in his favor is unlikely. Therefore, the trial court acted within its broad discretion in refusing to grant interlocutory injunctive relief. See *Lee v. Environmental Pest & Termite Control*, supra at 373 (2); *Wilson v. Sermons*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*Austin & Sparks, John B. Austin, John T. Sparks,* for appellant.
*Temple, Strickland, Counts & Dinges, William A. Dinges*, for appellee.