A06A1536. SRG CONSULTING, INC. et al. v. EAGLE HOSPITAL
PHYSICIANS, LLC et al.
(640 SE2d 306)

RUFFIN, Chief Judge.

SRG Consulting, Inc. ("SRG") appeals the trial court's grant of partial summary judgment to Eagle Hospital Physicians, LLC ("Eagle"). SRG and Gerst Investments, L.P. ("Gerst") sued Eagle, seeking an inspection of Eagle's books and records and asserting related claims. Eagle counterclaimed and moved for summary judgment on two of its counterclaims. The trial court granted summary judgment to Eagle on its counterclaim for indemnification against SRG in two lawsuits Eagle is defending in other jurisdictions.[1] For reasons that follow, we affirm in part and reverse in part.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the evidence, and we " 'construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion.' "[2] Viewed in this manner, the evidence shows that SRG and Gerst are both owned by Dr. Steven Gerst. They are minority shareholders in Eagle, a company that contracts with hospitals to provide medical care and management services. SRG entered into a sales and marketing agreement (the "Agreement") with Eagle whereby SRG would market Eagle's services to hospitals. SRG employed a sub-agent, James Ludwig Management, Inc. ("Ludwig Management"), to develop leads and market Eagle's services.

Eagle purported to terminate its Agreement with SRG in a letter dated October 21, 2003. SRG alleges that Eagle continued to accept marketing and sales efforts from SRG and Ludwig Management for another four months. Ludwig Management continued to market Eagle's services and secured two contracts during that time. SRG further alleges that Eagle has not paid commissions to SRG for those two contracts or others obtained before the alleged termination.

---

[1] The trial court denied Eagle's motion for summary judgment as to its claims for breach of contract. This ruling has not been appealed.

[2] See *Fidelity Nat. Title Ins. Co. of New York v. OHIC Ins. Co.*, 275 Ga. App. 55, 56 (619 SE2d 704) (2005).

James Ludwig, Ludwig Management, SRG, and Gerst are suing Eagle and other related entities in a state court in Alabama for numerous claims, including breach of contract, quantum meruit, failure to pay commissions, misrepresentation and suppression of material facts, and conspiracy. SRG is also suing Eagle and other related entities in a state court in Kentucky for multiple claims, including failure to pay commissions, breach of contract, quantum meruit, breach of fiduciary duty, fraud, and civil conspiracy.

SRG and Gerst sued Eagle and related parties in the Fulton County Superior Court, alleging claims arising out of SRG and Gerst's ownership interest in Eagle. Eagle counterclaimed, asserting that SRG is contractually obligated to indemnify Eagle and hold it harmless for attorney fees, costs, and expenses incurred in defending the Alabama and Kentucky lawsuits.[3] The trial court agreed and granted Eagle's motion for summary judgment on its indemnification claim.

SRG argues that the trial court erred in finding the indemnification provision of the Agreement applicable to the Alabama and Kentucky lawsuits. Eagle sought indemnification "for all of the attorney fees, expenses and judgments that Eagle incurs in defending itself against the claims by SRG, [Ludwig Management], or James Ludwig individually for commissions or commission-related damages in the Alabama and Kentucky cases." It based its claim on the following provisions of the Agreement:

1. *Services to be Rendered*:

SRG shall provide marketing and sales services to Eagle in an effort to develop Eagle's hospitalist programs. Specifically, SRG shall be responsible for locating potential contractors, educating them about Eagle's hospitalist programs, and performing any other services necessary to secure a hospitalist contract for Eagle.

. . . SRG shall also sub-contract with other persons or entities to assist in performing its obligations under this Agreement, subject to Eagle's prior consent. . . .

3. *Compensation*:

. . . Any compensation arrangement for an agent of SRG will

---

[3] SRG, Gerst, and Eagle are also parties to a related action in the federal district court for the Northern District of Georgia.

be the sole responsibility of SRG, and Eagle will not be liable for any amounts earned by an agent of SRG in its role as a marketing agent for Eagle's hospitalist programs.

## 8. *Indemnification*:

SRG agrees to indemnify and hold harmless Eagle from any and all claims, judgments, suits, actions, cause of action losses, liabilities, costs or damages, whatsoever, including attorney's fees and expenses incurred or sustained, which relate to the services provided by SRG under this Agreement.

Eagle agrees to indemnify and hold harmless SRG from any and all claims, judgments, suits, actions, cause of action losses, liabilities, costs or damages, whatsoever, including attorney's fees and expenses incurred or sustained, which relate to the services provided by Eagle under this Agreement.

Assuming this question is properly before us,[4] "[t]he scope of a written indemnification contract is a question of law for the court, which must strictly construe the contract against the indemnitee."[5] If the language of a contract is clear and unambiguous, we will enforce its terms as written.[6]

1. Applying the rules of contract construction, we find that SRG is not required to indemnify Eagle for the cost of defending against SRG's claims in the two lawsuits. Under its plain terms, the indemnity provision applies only to costs, damages, and fees "which relate to the services provided" under the Agreement. Looking to the contract as a whole, it is clear that the word "services" relates to the marketing and sales efforts undertaken by SRG.[7] Although Eagle asserts that "both the Alabama and Kentucky lawsuits 'relate to the services provided by SRG under' the Agreement," this is circular logic. SRG's claims against Eagle, which are ultimately disputes over

---

[4] The parties do not address whether the indemnification claim should have been raised as a compulsory counterclaim in the Alabama and Kentucky lawsuits rather than in this action. See *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165, 166 (2) (355 SE2d 99) (1987). Neither do the parties address whether Eagle has incurred any actual legal liability in the Alabama and Kentucky lawsuits such that it may assert a claim for indemnity. See *Ranger Constr. Co. v. Robertshaw Controls Co.*, 158 Ga. App. 179, 181 (279 SE2d 477) (1981).

[5] *George L. Smith II Ga. World Congress Center Auth. v. Soft Comdex*, 250 Ga. App. 461, 462 (550 SE2d 704) (2001).

[6] See *Wender & Roberts, Inc. v. Wender*, 238 Ga. App. 355, 358 (3) (518 SE2d 154) (1999).

[7] See *Alimenta (USA) v. Oil Seed South, LLC*, 276 Ga. App. 62, 63 (622 SE2d 363) (2005) ("[A] contract should be construed by examining the agreement in its entirety, and not merely by examining isolated clauses and provisions thereof.").

Eagle's liability for commissions, only relate to the services provided by SRG in the sense that SRG would not have earned commissions if it did not provide services to Eagle. However, the purpose of an indemnity clause in a contract is not to protect the parties to the contract from legal action by each other to enforce the contract.[8]

Furthermore, we must avoid construing a contract in a way that renders a portion of the contract meaningless.[9] The Agreement, in a separate section entitled "Attorney's Fees and Costs," provides that, in the event of a breach by either party, "the breaching party hereby agrees that it shall pay all reasonable attorney's fees and costs incurred by the non-breaching party in the enforcement of this Agreement." The appropriate recourse in a dispute between Eagle and SRG would be the recovery of attorney fees and costs by the nonbreaching party under this provision. It is thus not a reasonable interpretation of the contract to require SRG to indemnify Eagle for the cost of defending litigation between them over the payment of commissions.[10]

2. However, we agree with the trial court that the Agreement, when read as a whole, requires SRG to indemnify Eagle for its costs incurred defending against Ludwig and Ludwig Management's claims in the Alabama lawsuit.[11] This is so because the Agreement clearly states that "Eagle will not be liable for any amounts earned by an agent of SRG," and it is undisputed that Ludwig Management was SRG's agent and is seeking payment of commissions earned while performing services in this regard.

SRG argues that Georgia public policy prohibits the enforcement of the indemnity provision because to do so would indemnify Eagle for claims arising from its own intentional and tortious conduct. In Georgia, "[u]nless the words of a contract explicitly show an agreement to indemnify another party for his own negligence, such an agreement cannot be implied."[12] SRG contends that because the

---

[8] See, e.g., *Thomasson v. Pineco, Inc.*, 173 Ga. App. 794 (328 SE2d 410) (1985) ("in a contract of indemnity the indemnitor . . . promises to indemnify and save harmless the indemnitee against liability of the indemnitee to a third person, or against loss resulting from such liability") (punctuation omitted).

[9] See *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 74 (2) (538 SE2d 886) (2000).

[10] We find no support (and Eagle has cited none) for Eagle's argument that the indemnity provision is somehow triggered by SRG's alleged breach of the Agreement by filing the Alabama and Kentucky lawsuits in an improper venue and "by joining with and assisting its sub[-]agent in doing precisely what SRG agreed that its sub[-]agents would not do [–] seek compensation directly from Eagle."

[11] See *Alimenta*, supra.

[12] *Svc. Merchandise Co. v. Hunter Fan Co.*, 274 Ga. App. 290, 296 (1) (617 SE2d 235) (2005); see also *Park Pride Atlanta v. City of Atlanta*, 246 Ga. App. 689, 691 (1) (541 SE2d 687) (2000).

language of the indemnity provision does not explicitly cover negligence, and because Eagle "deliberately and intentionally fail[ed] to pay SRG commissions owed under the marketing agreement," Eagle cannot be indemnified.

We need not reach the question of whether the language of the indemnity provision here would include indemnity for acts of negligence by Eagle,[13] however, because Ludwig and Ludwig Management's claims against Eagle all arise from SRG's failure to pay commissions owed to them. That Eagle may have breached its duty of good faith and fair dealing under the contract, thus rendering SRG unable to pay Ludwig Management, is a matter for litigation between Eagle and SRG. Ludwig and Ludwig Management, in the end, seek payment of what SRG is contractually obligated to pay. They have brought a claim against Eagle that, pursuant to the Agreement, should have been brought against SRG because it was obligated to pay the sub-agent's commission. This is precisely the situation contemplated by the indemnity provision.

3. SRG also contends that the trial court erred in finding that Eagle was entitled to recover its attorney fees and costs before judgment is entered in the underlying action. The clear language of the indemnity provision, however, states that SRG will indemnify Eagle for "attorney's fees and expenses incurred or sustained." Thus, the trial court was authorized to find that Eagle is entitled to recover its attorney fees and costs as part of the indemnification for Ludwig's claims in the Alabama case.[14]

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 16, 2006 —
RECONSIDERATION DENIED DECEMBER 12, 2006 —

*Fellows, Johnson & La Briola, Henry D. Fellows, Jr., McGee & Oxford, Donald L. Cook,* for appellants.
*Kilpatrick Stockton, Stephen E. Hudson,* for appellees.

---

[13] See *Park Pride,* supra.

[14] See *Atlanta Area Broadcasting v. James Brown Enterprises,* 263 Ga. App. 388, 391-393 (587 SE2d 853) (2003).