A10A1756. KIM et al. v. FIRST ONE GROUP, LLC.
(700 SE2d 729)

ANDREWS, Presiding Judge.

On appeal from the trial court's grant of an injunction ordering him to hand over control of plaintiff First One Group, LLC's adult daycare center, defendant Jerry Kim, the former manager of the center, argues that the evidence does not support the judgment. We disagree and affirm.

> An interlocutory injunction is a device used to maintain the status quo of the parties pending final adjudication of the case. *Lee v. Environmental Pest &c. Control*, 271 Ga. 371, 373 (516 SE2d 76) (1999). The power to grant an injunction should not be exercised except in clear and urgent cases where there is a vital necessity to prevent a party from being damaged and left without a remedy. *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145, 146 (401 SE2d 515) (1991). Generally, a trial court's discretion in granting or denying an injunction will not be disturbed on appeal as an abuse of discretion unless there was no evidence upon which to base the ruling or it was based on an erroneous interpretation of the law. Id. at 146; *Ledbetter Bros., Inc. v. Floyd County*, 237 Ga. 22, 23 (226 SE2d 730) (1976).

*Atlanta Area Broadcasting v. James Brown Enterprises*, 263 Ga. App. 388, 392-393 (587 SE2d 853) (2003).

So viewed, the record shows that in January 2010, Kim was the manager of First One's adult daycare center in Norcross. The center's operating agreement provided that the manager could be terminated "for any reason upon the *agreement of all non-managing Members*," or shareholders, "provided that each and every non-managing Member[ ] combined, ignoring the provisions of a Quorum [as otherwise defined], consist of a two-third (2/3) majority [of the] voting shares of the Company." (Emphasis supplied.)

During the week of January 11, the director of the center discovered that Kim's wife had apparently forged the signatures of attendees for the purpose of increasing the center's Medicaid billings. The director twice confronted Kim about these discrepancies, but was told that it was "none of [her] business." The director then

YALE LAW LIBRARY

gave Kim two weeks' notice of her resignation.

At a January 31 emergency members' meeting, Kim admitted that he and his wife had committed fraud. At a second meeting on February 6 attended by all 12 members, Kim again admitted the fraud. Although he initially refused to resign, Kim also indicated that he would abide by the members' wishes on the matter. Ten of the twelve members, holding more than two-thirds of the company's voting shares, then voted to oust Kim. Kim accepted the vote, asked for forgiveness, returned his key, and retrieved his personal effects. A few days later, however, Kim failed to appear at a meeting and refused to turn over the signatory authority to the company account, which had been frozen. Kim also filed a report with the State blaming the director for the overbilling.

The company sued Kim for breach of duty and breach of contract and moved for a temporary restraining order (TRO) and an inter-locutory injunction. On March 3, the trial court granted the TRO. After a bench trial, the court granted the injunction on March 9. On March 20, Kim requested specific findings of fact and conclusions of law. On April 2, and before receiving a ruling on that request, Kim filed his notice of appeal.

A trial court is under an obligation to make findings of fact and conclusions of law concerning an injunction only if a party so requests before the court enters its judgment. OCGA § 9-11-52 (a); *Payson v. Payson*, 274 Ga. 231, 235 (552 SE2d 839) (2001) ("a party's § 9-11-52 (a) request for findings and conclusions in a bench trial is timely if made before the judgment is entered"). A trial court may, but need not, make such findings if a party so requests within 20 days of the entry of judgment. OCGA § 9-11-52 (c). The question before us, then, is only whether the trial court abused its discretion in granting the injunction because there was no evidence to support its conclusion or because that conclusion was based on an erroneous interpretation of the law. *Atlanta Area Broadcasting*, 263 Ga. App. at 393.

Pretermitting whether a sufficient number of nonmembers voted to oust Kim, First One presented some evidence to show that Kim resigned his position. The existence of an employment agreement alone does not prevent an employee from effecting his own resignation by word, deed, or both. See *Bulloch Academy v. Cornett*, 184 Ga. App. 42, 43-44 (360 SE2d 615) (1987). Here, the center's operating agreement contained no provision concerning resignation procedures. In the absence of written findings of fact, we cannot conclude that the trial court abused its discretion when it granted the injunction. Id. (finding some evidence that employee had made offer of resignation and that employer had accepted that offer); compare *Brock Built, LLC v. Blake*, 300 Ga. App. 816, 816-817 (686

SE2d 425) (2009) (reversing grant of summary judgment to employee when contract required that employee give written notice of resignation and when there was no evidence that employee had done so). The evidence concerning the effect of Kim's fraud on the day-to-day operations of the center, including the freezing of its bank account, also supported the trial court's discretionary determination that a TRO and interlocutory injunction were necessary to prevent harm to First One. See *American Lien Fund v. Dixon*, 286 Ga. 562, 565-566 (3) (690 SE2d 415) (2010) (affirming trial court's grant of injunction when appellant had failed to request findings of fact pursuant to OCGA § 9-11-52 (a) and when the evidence supported the judgment).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 8, 2010.

*Jonathon J. Majeske, Jonathan H. Fain*, for appellants.
*Steven M. Jampol*, for appellee.